**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FANTASYLAND VIDEO, INC.,
            *Plaintiff-Appellant,*

            v.

COUNTY OF SAN DIEGO,
            *Defendant-Appellee.*

No. 05-56026

D.C. No.
CV-02-01909-LAB
Southern District
of California,
San Diego

ORDER
CERTIFYING A
QUESTION OF
CALIFORNIA
LAW TO THE
SUPREME COURT
OF CALIFORNIA

Filed August 7, 2007

Before: Barry G. Silverman, William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

---

**ORDER**

We respectfully request that the California Supreme Court exercise its discretion and decide the certified question set forth in Part I of this order. This case is withdrawn from submission and further proceedings in this court are stayed pending final action by the California Supreme Court. The parties shall notify the Clerk of this Court within one week after the California Supreme Court accepts or rejects certification, and again within one week if that Court renders an opinion.

The panel retains jurisdiction over further proceedings.

## I.   Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, requests that the Supreme Court of California answer the following question:

> Under the California Constitution's liberty of speech clause, should we review the constitutionality of an ordinance that sets closing times for adult entertainment establishments under strict scrutiny, intermediate scrutiny, or some other standard?

The decisions of the Supreme Court of California and the California Courts of Appeal do not provide a conclusive answer.

We understand that the Supreme Court of California may reformulate our question, and we agree to accept and follow the court's decision. To aid the Supreme Court in deciding whether to accept the certification, we provide the following statement of facts and explanation.

## II.   Statement of Facts

In June 2002, the San Diego County Board of Supervisors adopted a comprehensive set of regulations and licensing procedures for adult entertainment establishments within its jurisdiction. The ordinances took effect the following month.

Fantasyland Video, Inc. operates an adult arcade, bookstore, novelty shop, and video store in the Spring Valley area of San Diego County. It initiated federal and state constitutional challenges against the new ordinances, seeking declaratory and injunctive relief. On appeal, Fantasyland disputes, among other things, the County's requirement that adult-orientated businesses shut down between 2:00 am and 6:00 am.

### III.   Explanation of Certification

We must resolve the appellants' state constitutional claims first. *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 856 (9th Cir. 2004). If the California Constitution provides an independent basis for relief, it will be unnecessary to address their claims under the First Amendment.

Identification of the proper standard of review under state law will likely determine the outcome of this appeal. We certify the above question to the Supreme Court of California for an authoritative construction of the most directly relevant opinion on the issue, *People v. Glaze*, 27 Cal. 3d 841 (1980).

In *Glaze*, the court invalidated an ordinance requiring picture arcades to close between 2:00 am and 9:00 am. *Id*. at 844. The ordinance's asserted purpose was to "prevent masturbation during those hours when law enforcement problems are greatest." *Id*. at 847. The court first suggested that it was applying intermediate scrutiny. *See id.* at 846-47 ("[T]he ordinance is constitutional only if the city can prove it was narrowly drawn and necessary to a legitimate governmental interest."). However, at a later point in its analysis, the court appeared to employ a higher standard of scrutiny, and a least restrictive means test. *See id*. at 847 ("[W]hen fundamental liberties are at stake, the test in a free society is whether there are 'less drastic means' available to accomplish the government's purpose." (citation omitted)); *id*. at 848 ("[T]he government has not shown that the closing-hours requirement is necessary or that it is the least restrictive means available to curb anticipated masturbation.").

Our examination of later decisions by the California Supreme Court and the Courts of Appeal has not yielded an answer as to the appropriate standard of review under *Glaze* for reviewing the constitutionality of an ordinance that imposes a closing-time requirement on adult entertainment establishments.

In *Sundance Saloon, Inc. v. City of San Diego*, 213 Cal. App. 3d 807 (1989), the court rejected state and federal constitutional challenges to a municipal ordinance requiring cabarets to close between 2:00 am and 6:00 am in order to control excessive noise and disorderly conduct. *Id.* at 810, 821. Citing to *Glaze*, the court employed intermediate scrutiny. *See id.* at 820. ("The issue in *Glaze*, as in this case, was whether the city had proved its ordinance was narrowly drawn and necessary to its legitimate governmental interest."). It refused to apply a "least restrictive means" test, invoking a line of federal authority without any mention of *Glaze*'s contrary language. *Id.* at 821-22 (citing *Ward v. Rock Against Racism*, 491 U.S. 781 (1989)).

Similarly, several California Supreme Court decisions have applied intermediate scrutiny to zoning ordinances that restrict where adult establishments may locate. *See City of National City v. Wiener*, 3 Cal. 4th 832, 841 (1992); *People v. Superior Court*, 49 Cal. 3d 14, 24-25 (1989).

Yet the California Supreme Court has never disavowed *Glaze*'s heightened standard with respect to restrictions on when adult-oriented businesses may operate. In fact, citing *Glaze*, the court has recognized that "the California liberty of speech clause is *broader and more protective* than the free speech clause of the First Amendment" in some of its applications. *Los Angeles Alliance for Survival v. City of Los Angeles*, 22 Cal. 4th 352, 366 (2000) (emphasis added). The court has also stated, however, that in some areas the protection afforded by the California Constitution "is coterminous with that provided by the federal Constitution." *Id.* at 367 n.12. *Los Angeles Alliance* held that application of the federal "intermediate scrutiny" standard was appropriate in the context of that case, but did not overrule *Glaze* or speak directly to the situation presented in the current case.

Considerations of comity and federalism favor resolution of this apparent conflict in authorities by the State's highest

court. We respectfully request that the Supreme Court of California accept and decide the certified question.

## IV.  Administrative Information

Counsel for the parties are as follows:

For Plaintiff-Appellant Fantasyland Video, Inc:

Clyde DeWitt
Weston, Garrou & DeWitt
12121 Wilshire Blvd., Suite 900
Los Angeles, California 90025
(310) 442-0072

For Defendant-Appellee County of San Diego:

Thomas D. Bunton
1600 Pacific Highway, Room 355
San Diego, California 92101
(619) 531-6456

For Amicus Curiae League of California Cities, et al.:

Scott D. Bergthold
Law Office of Scott D. Bergthold, P.L.L.C.
8052 Standifer Gap Road, Suite C
Chattanooga, Tennessee 37421
(423) 899-3025

If the Supreme Court of California accepts this request, Appellant should be deemed the petitioner.

The Clerk shall file this order and ten copies, along with all briefs in this appeal, with the Supreme Court of California; provide certificates of service to the parties; and provide additional record materials if so requested by the Supreme Court

of California. *See* Cal. R. Ct. 8.548(c)-(d).

**IT IS SO ORDERED**.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.